# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BEN LAPIN,

                Plaintiff,

v.                                                  Case No.  6:20-cv-357-Orl-31GJK

TUPPERWARE BRANDS
CORPORATION,
PATRICIA STITZEL,
CHRISTOPHER D. O'LEARY,
CASSANDRA HARRIS, and
MICHAEL POTESHMAN,

                Defendants.
_____

STEWART SCHREIBER and KAREN
SCHREIBER,

                Plaintiffs,

v.                                                  Case No.  6:20-cv-507-Orl-31GJK

TUPPERWARE BRANDS
CORPORATION,
PATRICIA STITZEL,
CHRISTOPHER D. O'LEARY,
CASSANDRA HARRIS, and
MICHAEL POTESHMAN,

                Defendants.
_____

JARED BERTRIM,

                Plaintiff,

v.                                                  Case No.  6:20-cv-757-Orl-31GJK

**TUPPERWARE BRANDS
CORPORATION,
PATRICIA STITZEL,
CHRISTOPHER D. O'LEARY,
CASSANDRA HARRIS, and
MICHAEL POTESHMAN,**

        **Defendants.**

_____

# ORDER[1]

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOVANT SRIKALAHASTI M. VAGAVALA TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE SELECTION OF COUNSEL (Doc. No. 30)** |
| **FILED:** | **APRIL 27, 2020** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **RULING IS DEFERRED in part**.

On February 28, 2020, Plaintiff filed this class action against Defendants for violations under the Exchange Act (the "Lapin Action"). Doc. No. 1. Similar complaints were filed on February 25, 2020, in the Central District Court of California (the "Bertrim Action") (6:20-cv-757, Doc. No. 1), and in this Court on March 20, 2020 (the "Schreiber Action") (6:20-cv-507, Doc. No. 1). Doc. No. 30 at 6. On April 30, 2020, the Bertrim Action was transferred to this

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

Court. *Id.* (6:20-cv-757, Doc. Nos. 40, 41). Also pending in this Court is a shareholder derivative action involving similar allegations (6:20-cv-627).

Multiple movants sought to consolidate these actions and sought appointment as lead plaintiff, and to appoint lead counsel. Doc. Nos. 28, 29, 30, 32, 34; 6:20-cv-507, Doc. Nos. 32, 33, 34; 6:20-cv-757, Doc. Nos. 18, 22, 25, 30, 34. On May 1, 2020, this Court entered an Order directing the movants to confer on the pending motions and file a supplemental 3.01(g). Doc. No. 37. Neither the other movants nor Defendants oppose consolidation. Doc. Nos. 39, 40, 41, 42, 43.[2] The other movants do not oppose Srikalahasti M. Vagvala's ("Vagvala") motion to be appointed lead plaintiff and to appoint lead counsel; Defendants take no position.[3] Doc. Nos. 39, 40, 41, 42, 43.

All of the complaints allege that throughout the identified class period, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about Tupperware's business operations. Doc. No. 30 at 7. All the complaints are alleged as securities class actions. *Id.* The class period is alleged to have commenced on January 30, 2019. *Id.*

Federal Rule of Civil Procedure 42(a) and Local Rule 1.04(c) govern the consolidation of cases for consideration in the Middle District of Florida. Rule 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may" consolidate the actions. *See also* Local Rule 1.04(c). "In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Vincelli v. Nat'l Home Heath Corp.*, 113 F. Supp. 2d 1309, 1313 (M.D. Fla. 2000) (quoting *Werner v. Saterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)). 15 U.S.C. § 78u-4 requires the court to address any outstanding motions to consolidate before considering motions for appointment of lead counsel. *Id.* § 78u-4(a)(3)(B)(ii).

---

[2] One motion (Doc. No. 32) was withdrawn in response to the Court's order. Doc. No. 40.
[3] The substance of Vagvala's motion with regard to appointment as lead plaintiff and selection of lead counsel shall be addressed in a separate Report and Recommendation.

Accordingly, Vagvala's Motion to Consolidate is **GRANTED in part** and the **RULING DEFERRED in part** as follows:

1. Case Numbers 6:20-cv-00357-31-GJK, 6:20-cv-00507-31-GJK, and 6:20-cv-757-31-GJK shall be consolidated (Case number 6:20-cv-627 is unaffected by this ruling);

2. All subsequent papers, pleadings, and motions shall be filed in the consolidated action in 20-cv-357-31-GJK which will be recaptioned "In re Tupperware Brands Corporation Securities Litigation";

3. The other pending motions to consolidate and for appointment as lead plaintiff in 6:20-cv-357-31-GJK (Doc. Nos. 28, 29 and 34) and any unresolved motions in Cases 6:20-cv-507 and 6:20-cv-757 are **TERMINATED**;

4. The Clerk is directed to administratively close 6:20-cv-00507-31-GJK and 6:20-cv-00757-31-GJK. The movants should refile in the consolidated action any pending motions from the closed actions that still require disposition; and

5. Consideration of the remainder of Vagvala's Motion (Doc. No. 30) is **DEFERRED pending further Order of the Court.**

Any attorney wishing to be removed from the service list in the consolidated docket shall notify the Clerk, who is hereby authorized to delete the requesting attorney from the list without further order.

**DONE** and **ORDERED** at Orlando, Florida on May 8, 2020.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record